CHARLES HENDRICKS, PETITIONER-DEFENDANT, v. DIEHM BROTHERS, RESPONDENT-PROSECUTOR.

Submitted January 17, 1939—Decided February 6, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Kellogg & Chance.*

For the defendant, *Lewis D. Busch* and *Klemmer Kalteissen.*

PER CURIAM.

This writ brings up a judgment of the Middlesex County Court of Common Pleas affirming an award of compensation to the petitioner in the Workmen's Compensation Bureau. Compensation was sought for an inguinal hernia alleged to have been the result of an accident arising out of and in the course of the employment. The petitioner, who was a carpenter, was standing on a five-foot step ladder nailing a porch column at the top when the ladder tilted over and he and the ladder fell to the ground. He was immediately prostrated with pain and discovered the descent of the hernia in the left groin.

The pertinent provision of the statute, *R. S.* 34:15-12x, reads in part:

"Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of

slow development and not compensable \* \* \* unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that \* \* \*."

Then follow the five requirements, immediate descent, severe pain, prostration that compels cessation of work, immediate notice to the employer and requirement of medical attention within twenty-four hours.

The prosecutor argues that compliance with these five requirements has not been established by the "conclusive proof" required by the statute. However, we are of the opinion that the evidence reasonably supports a finding that petitioner suffered a traumatic hernia. That he suffered actual bodily violence when he and the step ladder fell together to the ground is a necessary inference. There is nothing to indicate that the hernia was the result of "sudden effort or severe strain." Petitioner was in good health and free from trouble of this kind before the fall. As soon as he struck the ground he was aware of the pain in the groin and upon examination discovered the lump indicating the descent. We think an entirely reasonable inference is that the condition resulted from a blow on the abdomen sustained in the fall. There being sufficient proof of a traumatic hernia, it was not necessary to prove compliance with the elements required in the case of hernia by strain.

The judgment below is affirmed, with costs.